(Nos. 2800 and 2801—

JOHN F. HOLTMAN, S. H. CLEVELAND HOLTMAN, FREDERICK W. HOLTMAN, ELIZABETH DUBBEL AND JOHN F. HOLTMAN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

WILLIAM J. LONG, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

213

Fisher, J.

These claims were filed on January 16, 1936, each in the amount of Two Hundred Fifty-eight Dollars ($258.00) for damages to the crops on certain lands described in the complaint.

John F. Holtman, claimant on the first claim, was the tenant of said premises and he, with S. H. Cleveland Holtman, Frederick W. Holtman and Elizabeth Dubbel, was the owner of the same.

Claimants allege that the land in question lies north of State Bond Issue Route No. 103 and west of two creeks known as Crane Creek and Coal Creek. Said highway passes over said creeks on a bridge known as Twin Bridge and the approach to said bridge from the west side of said creeks was filled in under contracts let by the State of Illinois for the construction of said hard road.

The land on the south side of said highway is lower than the land farmed by claimant, and prior to the construction of said highway with said bridge approach, the water drained naturally from the land farmed by claimant on to land south of said hard road and thence south to the Illinois River.

In the construction of the approach to said Twin Bridge no provision was made for the drainage of the land in question and no culvert or other device was installed through said approach to permit the water, in event of rain, to drain in the customary manner on to the land south of the highway.

In the fall of 1934 certain crops were planted on said land on a rental basis of one-half each to the tenant and owners, which crops grew during the spring and summer of 1935, and before their maturity a great amount of rain fell, and by reason of the construction of the approach to said bridge and lack of provision for drainage therein the water could not drain in the natural manner. The rain fall collected on the land and remained there a long period of time, totally ruined 27 acres of wheat and partially damaged the balance, the undamaged wheat averaging 20 bushels per acre.

The respective claimants suffered damages to their wheat and clover crop to the extent of $258.00. The claimants submitted their claim for damages to the Director of Highways, Department of Public Works and Buildings of the State of Illinois, by letter August 21, 1935, and were advised that said defendant had no funds with which to pay for such damages. No other claimants have any interest in the respective claims.

Each claim is sworn to and has a bill of particulars attached.

The record consists of the original complaint and evidence introduced on behalf of the claimant and respondent's statement, brief and argument, none having been filed on behalf of the claimant.

There has been considerable evidence introduced by the claimants respecting the condition of the land before the improvement, with respect to drainage, the course of the flow of water since the improvement, and the failure of the State to locate culverts at the proper locations; none of which is controlling in determining the issues of this case.

On June 30, 1930 all of the parties to this claim joined in a deed dedicating the right of way over their land for the highway in question, to the State. It has been decided in numerous cases, including a number by this court, that a conveyance and a deed of dedication has the same effect as a judgment in a condemnation proceedings, and that the consideration paid for the conveyance constitutes a release of all damages, including damages to property not conveyed, which result from the proper construction of the road in question. This view has been expressed by this court in the case of *Baber* vs. *State*, 9 C. C. R. 115, and is also the view taken by Supreme Court in a number of cases where this issue has

been presented. It is contended that the highway was improperly constructed in that the culverts were not properly placed. With respect to this contention, the court has repeatedly held that

"In the constructon and maintenance of its roads, the State acts in a governmental capacity and in the exercise of such governmental function it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability."

> *Bucholz, Admx.* vs. *State*, 7 C. C. R. 241;
> *Chumbler, Admx.* vs. *State*, 6 C. C. R. 138;
> *Wentworth* vs. *State*, 9 C. C. R. 240;
> *Wright* vs. *State*, 9 C. C. R. 100;
> *Markham* vs. *State*, 8 C. C. R. 230;
> *Walen* vs. *State*, 8 C. C. R. 501.

An award must therefore be and is denied.